North American Investment and Loan Association,
Inc., Appellee, v. Rose Kitzer et al.
Appeal of Philip Kitzer, Appellant.

Gen. No. 42,418.

Heard in the third division of
this court for the first district at the October term, 1942.
Opinion filed February 2, 1944. Rehearing denied March 3,
1944.

J. J. KLEPAK and W. C. ANDERSON, both of Chicago,
for appellant.

No appearance for appellee.

MR. JUSTICE KILEY delivered the opinion of the
court.

Defendant appeals from an order finding him guilty
of contempt and sentencing him to the Cook county
jail. His brief is the only one filed here and the record
consists of the order only.

Defendant says the order is void because it does not
show on its face that the court had jurisdiction; be-
cause he did not have his day in court and no rule
to show cause, nor affidavit nor information was filed
against him; and because the order failed to find his
automobile was not exempt from court process. The
pertinent part of the order follows:

"This cause coming on to be heard why the defend-
ant, . . . should not be attached for contempt of

this Court for his failure to comply with an order . . . entered on July 7th, 1942 . . . to turn over immediately one 1941 Packard automobile, that he owns, has in his possession . . . *not exempt* from execution to the Bailiff . . . to be . . . sold . . . and the proceeds . . . applied towards the satisfaction of the execution; . . . *the defendant being present in open Court* and being *represented by counsel* and *the Court having heard the testimony* and *it appearing to the Court that it has jurisdiction* over the subject matter involved herein and the parties hereto Doth Find:

That the *defendant* . . . *in open Court has wilfully failed and refused to obey* the order . . . by refusing to turn over said 1941 Packard automobile immediately or at any other time to the Bailiff . . . to be . . . sold and the proceeds . . . .

The Court further finds and adjudges said defendant, . . . to be guilty of contempt . . . ."

The italicized portions of the order are sufficient to show the lack of merit in defendants' contentions. From the record before us, we must infer that a prior order found that defendant's car was not exempt from execution. It appears from the order itself that the contempt was direct and, therefore, no cases cited are applicable and no affidavit, information or rule to show cause necessary; that defendant had his day in court, was represented by counsel and testimony was heard; and that the court found it had jurisdiction and nothing to the contrary is shown. The defendant does not claim that any of the findings are not truthful.

The order is affirmed.

*Order affirmed.*

HEBEL, P. J., and BURKE, J., concur.